STANLEY J. HOUSE (SBN 35456)
LAW OFFICES OF STANLEY J. HOUSE
1485 Park Ave, Suite 200
San Jose, CA 95126
Tel: (408) 275-6980
Fax: (408) 275-8872
sjhlaw@aol.com

Attorney for Plaintiff
MARGO LILLIE

E-FILING
ADR

FILED
2007 SEP 28 P 1:46
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARGO LILLIE,

Plaintiff,

v.

GES EXPOSITION SERVICES, INC., a Nevada corporation, and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: C07 05036 HRL

COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff MARGO LILLIE (hereinafter, "LILLIE") and files her Complaint for Damages for Negligence and complains against Defendants GES EXPOSITIONS SERVICES, INC. (hereinafter, "GES"), and DOES 1 through 10, inclusive, as follows:

## JURISDICTION

1. Plaintiff LILLIE is a citizen of the State of California. Defendant GES is a corporation organized under the laws of the State of Nevada and having its principal place of business in the State of Nevada. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## VENUE

2. Venue is proper in the Northern District of California in that all Defendants reside in this judicial district.

## INTRADISTRICT ASSIGNMENT

3. Defendant GES maintains offices within Santa Clara County and accordingly the San Jose Division of the Northern District of California is the proper division pursuant to Northern District Local Rule 3-2.

4. Plaintiff does not know the true names or capacities, whether individual, partners, corporate or otherwise of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under fictitious names and Plaintiff herein will seek leave to amend this Complaint when the true names and capacities of each of the entities and individuals sued herein as DOES 1 through 10 are ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that at all times alleged herein, each Defendant was in some manner responsible for the acts and resultant damages hereinafter alleged, that each Defendant participated in the doing of the acts alleged to have been done by the named Defendants, that each Defendant was the agent, servant, and employee of each of the other Defendants, and was acting in the course and scope of said agency and employment. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants sued herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## FIRST CAUSE OF ACTION

### (Negligence - Against All Defendants)

As and for a first, separate and distinct Cause of Action, Plaintiff complains against all Defendants and for a Cause of Action alleges:

6. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 5 herein as though fully set forth.

7. At all times relevant herein, Defendants had a duty to act reasonably to avoid unreasonably causing, or unreasonably increasing the risk of, injury to Plaintiff.

8. On or about October 4, 2005, Defendants breached such duty by so carelessly designing, creating, manufacturing, entrusting, installing, erecting, securing and/or maintaining a sign that it fell and struck Plaintiff, causing her to fall to the ground and suffer serious medical injury including a complete transverse fracture of the head of her right femur.

9. Defendants' negligent conduct was a substantial factor in causing Plaintiff's injuries.

10. As a direct, legal and proximate result of Defendants' negligence, Plaintiff has suffered serious shock and trauma to her nervous system, and injury to her health and strength and has incurred costs of medical treatment, and has been required to retain attorneys at her own significant cost and expense in an amount according to proof at trial.

11. As a further direct, legal and proximate result of Defendants' negligence, Plaintiff has suffered serious pain, suffering and disfigurement.

12. Defendants' conduct was accomplished in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive or exemplary damages in an amount according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in the amount of two million dollars ($2,000,000);
2. For special damages, including all medical and incidental expenses, according to proof;
3. For exemplary damages in an amount according to proof;
4. For costs of suit herein incurred;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court may deem proper.

DATED: September 28, 2007

LAW OFFICE OF STANLEY J. HOUSE

By: *Stanley J. House*
Stanley J. House
Attorney for Plaintiff
MARGO LILLIE

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: September 28, 2007

LAW OFFICE OF STANLEY J. HOUSE

By: *Stanley J. House*
Stanley J. House
Attorney for Plaintiff
MARGO LILLIE

COMPLAINT FOR DAMAGES FOR NEGLIGENCE AND DEMAND FOR JURY TRIAL